UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

ROBERT C. O'MALLEY,

        Plaintiff,

    v.                                        Case No. 22-C-268

KEVIN A. CARR, JOHN KIND,
CPT. BAUMANN, JAMES ELSINGER,
SGT. GOMM, and H. UTTER,

        Defendants.

─────────────────────────────────────────────

# SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Robert C. O'Malley, who is currently serving a state prison sentence at the Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. O'Malley paid the $402 civil case filing fee on March 16, 2022. This matter comes before the Court on O'Malley's motion to appoint counsel and to screen the complaint.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain

statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is a reason that Rule 8 specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)).

Further, under Rules 18 and 20, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Also, under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

O'Malley's sprawling forty-page complaint runs afoul of Rules 8, 18, and 20. His allegations describe failures to protect him from contracting COVID, multiple incidents of excessive force, failures to accommodate his weakened condition from COVID, denial of medical care for multiple conditions, sexual misconduct, and inhumane conditions of confinement. And, while some Defendants are involved in more than one alleged incident, no Defendant or set of

Defendants is involved in all the alleged incidents. As such, neither the purported claims nor the Defendants are properly joined in this lawsuit.

The Court will allow O'Malley to file an amended complaint that complies with Rules 8, 18, and 20. If he chooses to file an amended complaint, he must do so by **April 29, 2022.** He may pick one Defendant and assert as many claims as he has against that Defendant, or he may pick a set of Defendants and assert claims in which there will be questions of law or fact common to *all* the named Defendants. Fed. R. Civ. P. 18, 20. O'Malley should take care *not* to include claims against some Defendants that are unrelated to claims against other Defendants. Further, O'Malley should set forth his allegations in short and plain statements. He need include only enough factual allegations to put Defendants on notice of what he believes they did or did not do to violate his rights. His amended complaint should be focused and include only allegations that are relevant to the purported claims. The Court will enclose a copy of its amended complaint form. O'Malley must use the form. *See* Civil L. R. 9(b). If he needs additional space, he may attach a *maximum* of five additional pages.

Finally, O'Malley is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If O'Malley does not file an amended complaint, the Court "may drop a party" and/or "sever any claim against a party" to limit this case to properly joined claims and Defendants. *See* Fed. R. Civ. P. 21.

## MOTION TO APPOINT COUNSEL

Along with his complaint, O'Malley filed a motion to appoint counsel. Dkt. No. 2. He explains that he is seventy-one years old and suffers from multiple serious medical conditions.

O'Malley also asserts that he has limited education and is inexperienced in the law. For the reasons discussed below, the Court will deny O'Malley's motion.

In exercising its discretion on whether to recruit volunteer counsel, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). Even though O'Malley has made a reasonable attempt to locate a lawyer without the Court's help, the Court will deny his motion because, at this stage, he appears competent to represent himself.

In evaluating a plaintiff's competency to represent himself, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

At this point, all O'Malley must do is prepare an amended complaint that includes the related claims that he would like to proceed with. Although his original complaint violates Rules 18 and 20, it was well written and easy to understand, leading the Court to conclude that O'Malley is capable of preparing an amended complaint on his own. Further, the Court observes that all the claims in the original complaint were straightforward and fact-specific, which means any claim(s) O'Malley asserts in his amended complaint will largely turn on his memory of what happened and relevant documents such as incident reports, which he can obtain in discovery. Finally, the Court notes that many inmates suffer from poor health, lack of education, and inexperience with the law,

4

and challenges such as these can be addressed by allowing inmates more time to comply with deadlines. If ever O'Malley believes he is unable to comply with a deadline, he may file a motion explaining why he needs more time and how much more time he needs, and the Court will consider his request.

If O'Malley faces new challenges that he believes he is unable to overcome on his own, he may renew his motion. If he does so, he should be specific about the challenges he is facing and what efforts he has made to overcome them. However, for now, the Court finds that O'Malley is able to represent himself.

**IT IS THEREFORE ORDERED** that O'Malley may file an amended complaint on or before **April 29, 2022**, which contains only properly joined Defendants and related claims in accordance with this order.

**IT IS FURTHER ORDERED** that the Clerk's Office mail O'Malley a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order. O'Malley must use the Court's form.

**IT IS FURTHER ORDERED** that O'Malley's motion to appoint counsel (Dkt. No. 2) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

O'Malley is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties, including dismissal of this action.

Dated at Green Bay, Wisconsin this  23rd  day of March, 2022.

>s/ William C. Griesbach
>William C. Griesbach
>United States District Judge