UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT C. O'MALLEY,

   Plaintiff,

 v.               Case No. 22-C-268

KEVIN A. CARR, et al.,

   Defendants.

**DECISION AND ORDER**

  Plaintiff Robert O'Malley is representing himself in this 42 U.S.C. §1983 action. On March 23, 2022, the Court screened the complaint and gave O'Malley the opportunity to file an amended complaint. On April 6, 2022, the Court granted O'Malley's motion to appoint counsel after concluding that, because of his serious health conditions, he lacks the capacity to litigate on his own. On May 25, 2022, O'Malley filed a motion asking the Court to order "these Defendants" to provide him with a cane or walker.

  The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Preliminary injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying complaint and deals with a matter presented in that underlying complaint. *Kaimowitz v. Orlando, Florida*, 122 F.3d 41, 43 (11th Cir. 1997) (citations omitted)); *see Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016, at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted). Further, in the context of prisoner litigation, the scope of the Court's authority to issue

an injunction is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683.

The Court cannot determine if the relief O'Malley seeks in his motion is of the same character sought in the underlying complaint because O'Malley has not yet filed an amended complaint. Further, the relief O'Malley seeks—that the Court dictate health services' response to his requests for a cane or walker—is overly intrusive, thus violating the PLRA's requirement that preliminary injunctive relief be narrowly drawn. The Supreme Court has repeatedly noted that "prison officials have broad administrative and discretionary authority over the institutions they manage . . . ." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Deciding whether to provide an accommodation that could have serious security implications is "the business of prison administrators rather than of the federal courts." *Id.* If O'Malley believes medical staff are acting improperly, he may continue to raise his concerns with the institution by filing inmate complaints. If he is unable to resolve his concerns at the institution level, he may pursue litigation. But the Court will not interfere with prison officials' day-to-day management of the institution or O'Malley's healthcare.

**IT IS THEREFORE ORDERED** that O'Malley's motion for an order to cease and desist ongoing violations and to provide him with a cane or walker (Dkt. No. 16) is **DENIED**.

Dated at Green Bay, Wisconsin this 1st day of June, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge