UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT C. O'MALLEY,

    Plaintiff,

    v.     Case No. 22-C-268

WISCONSIN DEPARTMENT OF CORRECTIONS
And DYLAN RADTKE,

    Defendants.

## SCREENING ORDER

Plaintiff Robert O'Malley, who is currently serving a state prison sentence at the Green Bay Correctional Institution (GBCI), filed a *pro se* complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On March 23, 2022, the Court screened the complaint pursuant to 28 U.S.C. §1915A and determined that it did not comply with Fed. R. Civ. P. 8, 18, and 20. Dkt. No. 9. The Court gave O'Malley an opportunity to file an amended complaint with properly joined claims. On April 6, 2022, the Court concluded that, due to his severe health conditions, O'Malley lacked the capacity to litigate this case on his own. Dkt. No. 15. At the time, O'Malley asserted that he was so weak and disabled that he could barely stand up and that he was always trying to catch his breath. A couple months later, a private attorney volunteered to represent O'Malley through discovery. And on November 3, 2022, O'Malley, by his counsel, filed an amended complaint. The Court is required to screen the amended complaint as required by §1915A.

### THE SCREENING STANDARD

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss any complaint or

portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Further, under Rules 18 and 20, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Also, under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

### ALLEGATIONS OF THE AMENDED COMPLAINT

O'Malley alleges that on December 21, 2020, he was tethered by guards to a door and even though he posed no danger to other inmates or staff, Captain Ryan Baumann, who has not been named as a defendant, pepper sprayed him in the face and back of the head for no reason. Dkt. No. 27 at ¶12. O'Malley next alleges that, more than a year later, on January 31, 2022, he was again tethered to a door while wearing a suicide smock. He asserts that Officers Sullivan and

2

Hoffman, who are also not named as defendants, ordered him to take his medication, but he refused and asked to talk to the sergeant. According to O'Malley, Sullivan pepper sprayed his genitals, causing severe pain. *Id.* at ¶¶17-20. Finally, O'Malley asserts that, in October 2020, while an inmate at Kettle Moraine Correctional Institution (KMCI), he tested positive for COVID-19 because the State of Wisconsin Department of Corrections (DOC) failed to take reasonable precautions to prevent the spread of the virus. *Id.* at ¶¶21-24.

## THE COURT'S ANALYSIS

O'Malley's amended complaint is deficient for several reasons. First, the amended complaint fails to state a claim against the only persons or entities named as defendants: the DOC and Dylan Radtke, the warden of GBCI. It is well established that the DOC, which is an arm of the State, is not a "person" under §1983 and therefore cannot be sued. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Further, the amended complaint contains no allegations of what Radtke did or did not do to violate O'Malley's constitutional rights in the two incidents that apparently took place at GBCI. As for the alleged failure to institute precautions at KMCI to prevent O'Malley from contracting COVID-19, Warden Radtke would seem to have had no involvement. It appears that O'Malley named Radtke solely because of his supervisory role as warden of GBCI, but §1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The doctrine of respondeat superior does not apply to actions filed under §1983, nor does §1983 create collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Accordingly, the amended complaint must be dismissed because the allegations do not state claims against the named Defendants.

Next, as was the case with O'Malley's original complaint, the amended complaint runs afoul of Federal Rule of Civil Procedure 18 and 20. O'Malley attempts to join unrelated claims against different sets of individuals in a single case. He describes two incidents of excessive force that occurred more than a year apart and involved different officers as well as conditions of confinement that he allegedly endured at a different institution. As the Court already explained to O'Malley, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." In short, the claims O'Malley asserts in the amended complaint are not properly joined in a single case.

The Court will give O'Malley a final opportunity to amend his complaint. The Court notes that it has been seven months since O'Malley asserted that his medical condition made it impossible for him to litigate this case on his own. On November 2, 2022, O'Malley filed, without the assistance of counsel, a motion for an extension of time to file an amended complaint.[1] O'Malley explained that his attorney mailed him a draft of the amended complaint only three days before it was due. According to O'Malley, the draft contained numerous errors, including incorrect dates, places, and names. O'Malley's motion was well organized, detailed, and easy to understand, leading the Court to wonder whether O'Malley's health has improved to the point that he now feels capable of representing himself. If O'Malley would like to represent himself through the briefing of summary judgment, he should promptly notify the Court. To be clear, the Court will not make efforts to recruit another volunteer attorney for O'Malley should he decide to represent himself through the briefing of summary judgment. O'Malley is reminded, however, that, if he

---

[1] The Court will deny the motion as moot because counsel timely filed the amended complaint.

4

proceeds with counsel, all communication with the Court must take place through his attorney; he should not file anything on his own.

If O'Malley chooses to file a second amended complaint, he must do so by **December 7, 2022.** As the Court explained in the original screening order, O'Malley may pick one Defendant and assert as many claims as he has against that one Defendant, or he may pick a set of Defendants and assert claims with questions of law or fact common to *all* the named Defendants. Fed. R. Civ. P. 18, 20. O'Malley should take care *not* to include claims against some Defendants that are unrelated to claims against other Defendants.

If a second amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If O'Malley does not file a second amended complaint or explain in writing why he is unable to do so by the deadline, the Court will dismiss this action based on O'Malley's failure to state a claim in the amended complaint.

**IT IS THEREFORE ORDERED** that the amended complaint is **DISMISSED** because it fails to state a claim against the Wisconsin Department of Corrections and Dylan Radtke.

**IT IS FURTHER ORDERED** that O'Malley may file a second amended complaint on or before **December 7, 2022.**

**IT IS FURTHER ORDERED** that O'Malley's motion for an extension of time (Dkt. No. 26) is **DENIED as moot**.

Dated at Green Bay, Wisconsin this   8th   day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge