UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT C. O'MALLEY,

        Plaintiff,

        v.                      Case No. 22-C-268

RYAN BAUMANN,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Robert O'Malley, who is currently serving a state prison sentence at Green Bay Correctional Institution, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court to screen the second amended complaint, as is required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

O'Malley explains that, on December 21, 2020, he was laying on the floor of his cell when officers ordered him to get up and exit his cell. O'Malley asserts that he suffers from diabetic neuropathy in both his legs and feet and is reliant on supplemental oxygen. He states that he told officers that, because of his disabilities, he could not get up. According to O'Malley, officers pulled him off the floor, removed the oxygen tubes from his nose, and dragged him to a visiting room where he was handcuffed to the door. O'Malley asserts that he was unable to stand up, so he slumped to the floor. He asserts that Defendant Ryan Baumann ordered him to stand up, after which O'Malley was strip searched. According to O'Malley, Baumann then pepper sprayed him in his face and eyes and in the back of his head for no reason. Dkt. No. 31 at 3.

## THE COURT'S ANALYSIS

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The "core judicial inquiry" when considering the amount of force used is "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 6 (citing *Whitley*, 475 U.S. at 320–21). O'Malley may proceed on an excessive force claim based on allegations that Baumann sprayed him with pepper spray without provocation and without risk of harm to himself or others.

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of O'Malley's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Ryan Baumann.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Ryan Baumann shall file a responsive pleading to the second amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Green Bay, Wisconsin this 13th day of January, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
