UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT C. O'MALLEY,

                Plaintiff,

v.                                                                         Case No. 22-C-268

RYAN BAUMANN,

                Defendant.

## DECISION AND ORDER

On May 5, 2023, Defendant filed a motion for summary judgment on the ground that Plaintiff Robert O'Malley failed to exhaust the administrative remedies before he filed this lawsuit. Dkt. No. 38. The Court reminded O'Malley, who is representing himself,[1] that under Civil L. R. 56(b)(2) his response materials were due on June 4, 2023. Dkt. No. 42. The Court later extended O'Malley's response deadline to July 10, 2023. Dkt. No. 45. O'Malley was informed that, if he did not respond by the deadline, the Court would accept all facts asserted by Defendant as true and would decide the motion without his input. *Id.* The deadline passed, and O'Malley did not oppose the motion.

The Court has reviewed Defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendant and deemed

---

[1] The Court recruited counsel for the limited purpose of helping O'Malley prepare an amended complaint and participate in discovery. *See* Dkt. No. 18. The Court later concluded that O'Malley is capable of responding to Defendant's summary judgment motion without the assistance of counsel. *See* Dkt. No. 45.

true by the Court as a result of O'Malley's failure to respond, the Court concludes that O'Malley filed his inmate complaint beyond the fourteen-calendar day statutory limit and therefore did not properly exhaust the administrative remedies before he initiated this lawsuit. *See* Dkt. No. 40 at ¶¶2-5. Defendant is therefore entitled to judgment as a matter of law and this case must be dismissed.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 38) is **GRANTED** and this case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly. The Clerk is also directed to mail a copy of this decision to O'Malley.

Dated at Green Bay, Wisconsin this 19th day of July, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.